UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **COY GRAHAM,** | ) |
| | ) |
|    **Claimant,** | ) |
| | ) |
| vs. | )    **Civil Action No. CV-09-S-968-M** |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner, Social Security** | ) |
| **Administration,** | ) |
| | ) |
|    **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER**

Claimant Coy Graham commenced this action on May 18, 2009, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ") denying his claim for a period of disability and disability benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant alleged disability as a result of diabetes, high blood pressure, allergies, and asthma.[1] The ALJ found that claimant had the "severe" impairments of diabetes mellitus, hypertension, asthma, and hip pain.[2] He nonetheless concluded that claimant "retains the residual functional capacity to perform sedentary work which allows for no more than occasional climbing, balancing, stooping, kneeling, or crawling; no unprotected heights; no uneven terrain; no right leg pushing or pulling; and no more than mild to moderate pain."[3] Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ erred in failing to fully credit the opinion of Dr. Matt Raines, claimant's treating family physician, that claimant should receive disability benefits. Upon review of the record, the court concludes this contention is without merit.

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was

---

[1] Tr. at 112.
[2] Tr. at 17.
[3] Tr. at 19.

conclusory or inconsistent with the doctor's own medical records." *Id*. Additionally, the ALJ is not required to accept a conclusory statement from a medical source — even a treating source — that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner."  20 C.F.R. § 416.927(e).

Dr. Raines submitted a letter dated February 4, 2008, and stating the following:

> My patient, Mr. Coy Graham, has multiple medical problems including diabetes, hyperlipidemia, asthma, hepatitis B. He is a truck driver by trade but had to stop secondary to starting insulin therapy for his diabetes. I support his receiving disability benefits. He applied for SSI over 2 years ago and since, his health has continued to deteriorate.
>
> His current medications include: lisinopril/hct 20/25, lantus (insulin), diabeta, lopid, zocor, lasix, 70/30 insulin, and an albuteral inhaler.[4]

The ALJ considered Dr. Raines' opinion but did not fully credit it, stating:

> Although Dr. Raines reported in February 2008 that he supported the claimant receiving disability benefits, he did not indicate that the claimant had disabling pain or limitations related to any impairment or combination of impairments. His records do not indicate that the claimant has had consistent complaints of hip pain, and Dr. Raines has not diagnosed the claimant with arthritis. The claimant has had only occasional complaint of neuropathy. The claimant has only occasionally complained of asthma symptoms. The claimant's hypertension and diabetes have each been uncontrolled on occasion, but Dr. Raines's records do not indicate that the claimant has experienced disabling limitations related to either condition. The claimant's edema is not of

---

[4]Tr. at 194.

such severity that it should interfere with his ability to perform at least a range of sedentary work on a sustained basis. His medical records do not indicate that the claimant must elevate his feet while seated.

Although Dr. Raines reported in June 2007 that the claimant had cardiac arrhythmia, this was not mentioned again, and there is no evidence that the claimant has a heart impairment. Dr. Gordon reported in November 2007 that the claimant's asthma was no more than mild, and this is consistent with the records of Dr. Raines. The claimant's asthma is apparently well controlled with medication. Dr. Gordon reported that the claimant's lungs were clear with no wheezes, rales, rubs, or ronchi. Dr. Gordon also noted that the claimant had not been diagnosed with arthritis, although he did complaint of hip pain.[5]

As discussed above, the ALJ was not required to accept Dr. Raines' conclusory statement that he supported claimant's receipt of disability benefits. *See* 20 C.F.R. § 416.927(e). Furthermore, as the ALJ based his decision to reject Dr. Raines' statement on its inconsistency with Dr. Raines' own records and the other medical evidence, as well as on the general lack of evidentiary support for the statement, the ALJ's conclusion was in accordance with applicable law. *See Phillips*, 357 F.3d at 1240-41.

Claimant also argues, however, that the ALJ's decision was not supported by substantial evidence. In this regard, claimant first asserts that the evidence does not support Dr. Raines' statement that claimant only suffered uncontrolled diabetes "on occasion." Claimant argues that Dr. Raines' records report *consistent* uncontrolled

---

[5]Tr. at 18-19.

diabetes throughout Dr. Raines' treatment history of claimant.  It is true that Dr. Raines did note that claimant's diabetes was uncontrolled on most of claimant's visits to Dr. Raines' office.  Even so, the ALJ's use of the phrase "on occasion" when "consistently" would have been a more accurate term does not mean that the ALJ's decision was not supported by substantial evidence.  Even if the ALJ had stated that claimant suffered from "consistent" uncontrolled diabetes, he also found that Dr. Raines's records did not indicate that claimant has experienced disabling limitations as a result of his diabetes (controlled or uncontrolled).  That conclusion was in accordance with applicable law, because the mere existence of a medical impairment does not determine disability.  Instead, the relevant consideration is the effect of the impairment, or combination of impairments, on the claimant's ability to perform substantial gainful work activities.  *See* 20 C.F.R. § 404.1505 (defining a disability as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months").  *See also Bowen v. Yuckert,* 482 U.S. 137, 146 (1987) ("The [Social Security] Act 'defines "disability" in terms of the effect a physical or mental impairment has on a person's ability to function in the workplace.'") (quoting *Heckler v. Campbell,* 461 U.S. 458, 459-60 (1983)).  Furthermore, the record supports the

ALJ's conclusion. Dr. Raines' records do not reflect any actual *functional* impairments as a result of claimant's diabetes that would render him unable to perform gainful work activities.

Claimant also asserts that "the ALJ's conclusion that the Plaintiff's edema is not of such of [sic] severity that it should interfere with his ability to perform at least a range of sedentary work on a sustained basis is contrary to the actual medical evidence."[6] To support this argument, claimant points to consistent notations in the medical records that he suffered from edema.[7] Again, the mere presence of edema — even if well-documented — does not support a finding of disability. The medical evidence does not indicate that claimant suffered any disabling *functional* limitations as a result of edema.[8]

Finally, claimant asserts that the ALJ's decision to discredit Dr. Raines' assessment was not supported by substantial evidence because it was inconsistent with the opinion of Dr. David Gordon, who performed a consultative examination on November 1, 2007. Dr. Gordon noted that claimant had suffered from diabetes for

---

[6]Doc. no. 8 (plaintiff's brief), at 9.

[7]*See, e.g.,* Tr. at 172-73, 179, 182-83.

[8]Although Dr. Raines did note on one occasion that claimant should elevate his legs because of his edema, Dr. Raines did not indicate that elevation would be required to such an extent that it would interfere with work.

more than twenty years, and that he had been on insulin for the past two years.[9] Dr. Gordon provided the following examination summary:

> The patient had no problem sitting, hearing or speaking, he did have problems standing, he did have a cane that was not prescribed by a physician, he walk [sic] without the cane. He says he could walk 50 to 60 feet without the cane, he carried the cane in the right hand. He cannot walk on slopes or uneven surfaces. He could not walk on heels and toes, he cannot squat and rise. There is 1+ edema bilaterally. There is no ulceration, dermatitis or varicosities. CVS class 0. No seizures reported. He did not report medication side effects.[10]

Dr. Gordon concluded that claimant suffered from insulin dependent diabetes, mild asthma, and undiagnosed chronic right hip pain.[11] Dr. Gordon also completed a Medical Source Opinion (Physical) form for claimant. He indicated that claimant could stand for ten minutes at a time and a total of one hour in an eight-hour workday, that he could walk for five minutes at a time and a total of one hour in an eight-hour workday, and that he could sit for one hour at a time and a total of four hours in an eight-hour workday. Claimant could not constantly lift any weight, and he could never lift more than twenty-five pounds, but he could frequently lift five pounds, and he could occasionally lift fifteen pounds. He could occasionally push or pull with both arms and with his left leg, and he could occasionally reach overhead. He could

---

[9]Tr. at 160.
[10]Tr. at 162.
[11]*Id.*

constantly handle, finger, feel, talk, and hear, but he could never push or pull with his right leg, climb, balance, stoop, kneel, crouch, or crawl. Claimant could occasionally be exposed to vibration, but he could never be exposed to extreme cold or heat, wetness or humidity, fumes, noxious odors, dust, mists, gases, poor ventilation, proximity to moving mechanical parts, work in high places, or driving automotive equipment. Dr. Gordon noted that, in completing the Medical Source Opinion (Physical) form, he relied primarily on claimant's subjective complaints.[12]

The ALJ also declined to fully credit Dr. Gordon's opinion, stating the following:

> Dr. Gordon completed a medical source opinion (physical) in which he found the claimant unable to perform even sedentary work on a sustained basis; however, Dr. Gordon further reported that he had completed the form based primarily on the claimant's subjective complaints. The claimant's subjective complaints are not consistent with his treating and examining medical records and reports to the extent that he is unable to perform at least a range of sedentary work on a sustained basis. Dr. Gordon noted that the claimant had never been hospitalized for his diabetes and that there was no clinical history of retinopathy or nephropathy. The claimant's complaints of neuropathy have been intermittent. No physician has reported that the claimant required the cane he used when seen by Dr. Gordon. The claimant's sensation was intact to light touch in all four extremities, as was his strength. The claimant had only one plus edema at the time of Dr. Gordon's examination. The claimant has not complained of medication side effects. Although the claimant testified that he had occasional blurred vision, his medical records do not indicate that he has complained of blurred vision. His medical records do not indicate that the claimant

---

[12]Tr. at 166-68.

8

has disabling fatigue.[13]

These conclusions are supported by the substantial medical evidence of record, which does not indicate any disabling *functional* impairment as a result of claimant's conditions. Consequently, the ALJ was entitled to reject Dr. Gordon's assessment of disabling functional limitations. *See* 20 C.F.R. § 404.1527(d) (stating that, in considering what weight to give any medical opinion, the Commissioner should evaluate: the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors). Furthermore, because the ALJ was entitled to reject Dr. Gordon's assessment, he also was entitled to reject Dr. Raines' assessment, despite the fact that it was consistent with Dr. Gordon's. As set forth above, substantial evidence supported the ALJ's decision to discard Dr. Raines' conclusory opinion that claimant should receive disability benefits.

Based on the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

---

[13]Tr. at 19.

DONE this 26th day of February, 2010.

*/s/ Lynwood Smith*
_____
United States District Judge